UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ALISHA SMITH

VERSUS

UNITED FINANCIAL CASUALTY
CO., ET AL.

CIVIL ACTION

NO: 24-2720

SECTION: "A" (4)

## ORDER AND REASONS

The following motion is before the Court: **Motion to Dismiss (Rec. Doc. 10)** filed by defendants, United Financial Casualty Co. and Denise Martin. The plaintiff, Alisha Smith, opposes the motion. The motion, submitted for consideration on May 14, 2025, is before the Court on the briefs without oral argument.

The plaintiff, Alisha Smith, filed this lawsuit in state court to recover for injuries allegedly sustained in a November 10, 2023 motor vehicle accident with defendant Denise Martin. United Financial Casualty Co. ("United Financial") is Martin's liability insurer. United Financial removed the action to this Court based on diversity jurisdiction.

United Financial and Denise Martin now move to dismiss the claims against Martin arguing that she was not properly served. Martin is located in Texas.

Smith contends that Martin was properly served under Louisiana law. Alternatively, rather than dismiss the claim against Martin, Smith asks for an extension of time to perfect service on Martin if the Court is inclined to agree with the defendants.

An individual may be served in a judicial district of the United States by following state law for serving a summons in an action brought in the courts of general jurisdiction in the state where the district court is located. Fed. R. Civ. Pro. 4(e)(1). The Louisiana

1

Long Arm Statute provides that service may be made on a nonresident defendant by registered or certified mail. La. R.S. § 13:3204(A). As recognized in this district, Louisiana's state courts have repeatedly held that the statute does not require a signed return receipt as proof of actual service. *Matt v. Culpepper*, No. 14-1464, 2014 WL 5816930, at *2 (E.D. La. Nov. 7, 2014) (Fallon, J.) (citing Louisiana cases).

Smith's counsel complied with the express requirements of Louisiana's Long Arm Statute insofar as a copy of the citation and petition were sent to Martin via certified mail at her last known address, which is the address that United Financial has on file for her. There is no indication that counsel sent the packet to the wrong address. The postal service returned the certified mail to the sender (plaintiff's counsel) noting "vacant" and "unable to forward." (Rec. Doc. 7, Affidavit of Service packet at 6). United Financial and Martin recognize that if the packet had been "unclaimed," like in *Matt v. Culpepper, supra*, then actual receipt my Martin would not be problematic. But in this case there is no evidence that the mail went "unclaimed" or that Martin has taken steps to defeat service.

At this time there is neither evidence that Martin has any knowledge that this lawsuit has been filed against her nor evidence that Martin has intentionally tried to defeat service.[1] In the absence of valid service of process, proceedings against a party are void. *Aetna Bus. Credit, Inc. v. Univ. Decor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1981) (citing *Mooney Aircraft, Inc. v. Donnelly*, 402 F.2d 400, 406 (5th Cir. 1968)). It is not clear under state law that service of process was valid in this case.

---

[1] The Court notes that in *Matt v. Culpepper*, there likewise was no direct evidence that the "unclaimed" certified mail meant that the defendant was attempting to evade service.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Dismiss (Rec. Doc. 10)** filed by defendants, United Financial Casualty Co. and Denise Martin, is **DENIED without prejudice**. Plaintiff is granted an additional 90 days to properly serve Denise Martin.[2]

May 16, 2025

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

---

[2] There is no objection to allowing the plaintiff additional time to perfect service on Martin. (Rec. Doc. 13, Reply at 2).

3